575 A.2d 673

**UNITED STATES BANKNOTE COMPANY, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 27, 1990.

Decided May 31, 1990.

Malcolm L. Pritzker, with him, Steven R. Semler, Semler & Pritzker, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG and COLINS, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

United States Banknote Company (Employer) appeals from a decision of the Unemployment Compensation Board of Review (Board) reversing a referee's decision that Diane M. Reitz (Claimant) was ineligible for benefits because she voluntarily abandoned her position. We affirm.

The facts as found by the Board are as follows. Claimant was employed at a rate of $7.74 per hour as an inspector for Employer from September 1987 to August 7, 1989. She began experiencing problems with her co-workers in March of 1988. In addition to subjecting her to harassing and insulting remarks, they spoiled her work by spilling water

and coffee thereon. She brought these actions to the attention of her personnel manager.

When similar problems recurred in August of 1988, Claimant contacted her supervisor and again, the personnel manager. The result was Claimant's relocation to another department. Due to personnel shortages, Employer requested that Claimant work in her former department occasionally between September 1988 and August 1989. Because Claimant enjoyed the position in her former department very much, she agreed to the temporary fill-in assignments.

While performing her duties in her former department, Claimant's co-workers again subjected her to harassment during the September 1988 to August 1989 time period. The Board found that on August 7, 1989, a printer remarked to Claimant that "a co-worker would soon sexually have charge of her." Claimant was so upset that she shut off her machine and removed herself from the job site.

On August 9, 1989, Claimant met with her Employer and union representative. At that time, she informed Employer as to why she left the premises on August 7, 1989. When asked by Employer if she would be willing to work in a different department or on another shift, Claimant indicated that she wanted to return to her former position. However, Employer later told Claimant that because she had walked off the job without expressing her concerns to either them or to her union representative, they would not reinstate her.

The Office of Employment Security issued a determination denying her benefits and the referee affirmed that decision. The Board reversed the referee on the basis that Claimant had informed Employer of her co-workers' harassment on at least two occasions. Also, it found the printer's remarks to her on August 7, 1989 to be of such a severe nature that Claimant had good cause reasons for voluntarily terminating her employment.

The issue before us is whether there is substantial evidence to support the Board's findings that Claimant had

good cause to voluntarily leave work due to sexual harassment. Our Supreme Court has held that "[i]t is now axiomatic in an unemployment compensation case, that the findings of fact made by the Board ... are conclusive on appeal so long as the record, taken as a whole, contains substantial evidence to support those findings." *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977) (citations omitted).

Additionally, this Court is bound "to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony ..." *Id.*, 474 Pa. at 355, 378 A.2d at 831. However, because Claimant abandoned her post voluntarily, the burden is on her to establish the necessitous and compelling nature of her volitional termination under Section 402(b) of the Unemployment Compensation Law (Law).[1] *Id.; St. Barnabas, Inc. v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 191, 525 A.2d 885 (1987).

The Board made the following pertinent finding:

The continued harassment of the Claimant, of which the Employer was made aware twice previously, specifically the remarks directed to the Claimant on her last day of work concerning the possibility that a third party would sexually have their way with her, constitute harassment of a type so severe that it provided the Claimant with good cause reasons for voluntarily terminating her employment.

Finding of Fact No. 7.

There are several passages in the record which support such a finding. The first describes a conversation between Claimant and married printer, Al Far.

He said he would stick it in and do it easy, and he wanted to have me in the back of his car and have an affair with me ... And I just told him he was a pig and I

---

1. Act of December 5, 1936, Second Ex.Sess., P.L.1937 (2897), *as amended*, 43 P.S. § 802(b).

didn't want nothing to do with him. So I didn't cooperate so he would do things to the machine to make my job very difficult ... He had control of the machine and it made my job very difficult an [sic] uncomfortable, and eventually upset.

Hearing transcript at p. 7. Claimant testified that she reported that incident to both the personnel manager and her supervisor's boss.

A second passage, also involving Mr. Far, describes what occurred on August 7, 1989 to precipitate Claimant's premature departure from her post.

And he kept on telling me that (inaudible) was going to get me and have charge of me. And I asked him what do you mean, and he said that three times, and I kept on saying what do you mean, and it just got me so upset, and the work started piling up and getting all out of control. And between my upsetment [sic] and the machine and I was just getting more upset. And I just turned the machine off and walked away.

Hearing transcript at p. 11. Even though the testimony was somewhat ambiguous, the Board could have reasonably inferred that Mr. Far's comments were sexual in nature, due to his past history of harassing Claimant. *Taylor.*

On the basis of the record read as a whole, giving Claimant the benefit of all inferences which are logical and reasonable, we find that she has met her burden of establishing the existence of necessitous and compelling reasons to voluntarily terminate her position.

For the above reasons, we affirm.

CRUMLISH, former President Judge, did not participate in the decision in this case.

### ORDER

AND NOW, this 31st day of May, 1990, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.