**BOROUGH OF COALDALE,**
Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 3, 1999.
Decided Feb. 7, 2000.

Michael S. Greek, Lansford, for petitioner.

David L. Deratzian, Bethlehem, for intervenor, Tonia Betz.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

The Borough of Coaldale (Petitioner) petitions this Court for review of the July 14, 1999 order of the Unemployment Compensation Board of Review which reversed the Referee's decision and granted benefits to the claimant Tonia Betz under Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b) (voluntary quit). Petitioner argues that Betz did not meet her burden of showing a necessitous and compelling reason for voluntarily terminating her employment by acting with ordinary common sense and taking reasonable and prudent steps to alleviate asserted sexual harassment and to remain in the work force. Petitioner additionally argues that Betz voluntarily terminated her employment as a result of a justifiable reprimand and not because of the alleged sexual harassment.

I

The Job Center issued a determination granting benefits to Betz after she quit her job on January 28, 1999 as a part-time police officer with the Borough of Coaldale. Petitioner appealed to the Referee who reversed the Job Center. The Referee reasoned that Petitioner's written reprimand and three-day suspension of Betz and the alleged sexual harassment committed against her did not give her cause of a necessitous and compelling nature to quit her job. On appeal by Betz, the Board remanded the case to the Referee to serve as the Board's hearing officer for the sole purpose of taking additional testimony on the merits and also on whether Betz would have resigned absent the disciplinary action and on whether it was warranted. The Board credited Betz' testimony over Petitioner's evidence and made extensive findings of fact to support its decision to grant benefits to Betz under Section 402(b) of the Law. Some of the pertinent findings follow.

Betz was employed as a part-time police officer with the Borough from October 17, 1997 to January 24, 1999. Betz was supervised by Police Chief James Strauss, and next in the chain of command was the Borough Mayor and then the Borough Council. From the beginning of Betz' employment, Chief Strauss referred to her exclusively as the "girl" or the "root," meaning that she was lower than dirt. Chief Strauss referred to all of the other officers by their given names. Additionally, on a regular basis, Chief Strauss placed copies of pornographic material with explicit depictions of nude people engaged in sexual activity in the employees' mailboxes, including in Betz' mailbox.

Petitioner did not maintain a sexual harassment policy. When Betz did complain to Chief Strauss about the harassment, she was told that she was being "too sensitive." On April 18, 1998, Betz was celebrating her 21st birthday with her family when Chief Strauss appeared with a gift, which was a leather whip. On May 1, 1998, Chief Strauss filled out a brochure for a police seminar for Betz and listed "Girl" on the blank for name, "Root" on the blank for title, "6969 Honeysuckle Rd." on the blank for business address and "1–800–for–Root" on the blank for business telephone. In July 1998, another police officer, Shawn Phillips, physically assaulted Betz by grabbing her breasts, resulting in bruising. On December 8, 1998, Phillips grabbed Betz by the back of her neck and threw her up against a wall. As a result of this assault, Betz required hospital treatment.

Betz testified that Chief Strauss was present during the second physical assault and that he simply remarked: "[T]here is more police brutality in the station than on the street." N.T., March 19, 1999 at 25. Betz complained of these physical assaults

as well as the Chief's overt sexual harassment to Borough Councilman John Maruschak, who stated that he would talk to the Chief. Although Phillips was reprimanded, Chief Strauss was not. Nevertheless, Betz continued to complain to Chief Strauss, and on one occasion he stated to her that "if [she didn't] like it, there is the door." N.T., March 19, 1999 at 34. Betz believed that her hours would be cut if she went over the Chief's head and that if she ever needed backup in the field, she would not get it. When Betz received no response for several weeks after complaining about the December 1998 assault, she attempted to file a grievance with the Fraternal Order of Police but could not do so because she was not a full-time police officer. She therefore retained counsel and filed a sexual harassment lawsuit.

In November 1998, Betz received permission from Chief Strauss to go outside the jurisdiction to have dinner with her family on December 25, provided that things were not too busy and that she notified the command center of her location. Thereafter, on January 19, 1999, Betz received a written reprimand for taking a dinner break outside the jurisdiction. On the same day, Betz received a three-day suspension from the Borough Council and a written reprimand for answering the call of a police officer from another municipality for Betz to investigate a matter in the other municipality, which was outside of Betz' jurisdiction. According to police department guidelines, an employee may receive a three-day suspension only after three verbal warnings and three written warnings. On January 28, 1999, Betz tendered her written resignation stating that the three-day suspension was extreme and was in retaliation for her complaints of sexual and physical harassment.

The Board indicated that Betz' evidence was very explicit, and it resolved any conflicts in the testimony in favor of Betz. The Board accepted as fact that, although Petitioner's reprimands appeared to be unjustified, Betz would have resigned even absent the disciplinary action taken against her. Furthermore, the discipline occurred coincidentally with Betz' decision to take legal action. Moreover, her reasons for failing to go over Chief Strauss' head with her complaints were likewise accepted by the Board, which determined that Betz feared further retaliation if she breached the chain of command. Because Betz established a necessitous and compelling reason to terminate her job, the Board held that she was eligible for benefits under Section 402(b) of the Law.

## II

The Court's review of the Board's order is limited to determining whether its findings of fact are supported by substantial evidence in the record, whether an error of law was committed or whether constitutional rights were violated. *Comitalo v. Unemployment Compensation Board of Review*, 737 A.2d 342 (Pa. Cmwlth.1999). The Board's findings of fact are conclusive upon appeal if the record contains substantial evidence to support them. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977). An appellate court's duty is to review the record in a light most favorable to the party who prevailed before the Board. *Id.*

Section 402(b) of the Law provides that a claimant shall be ineligible for compensation for any week in which her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. Petitioner notes that in order to show a necessitous and compelling cause to terminate employment, an employee must show that circumstances existed which produced real and substantial pressure to terminate the employment; that like circumstances would compel a reasonable person to act in the same manner; that the employee acted with ordinary common sense; and that the employee made a reasonable effort to preserve her employment. *Fitzgerald v. Unemployment Compensation Board of Review,*

714 A.2d 1126 (Pa.Cmwlth.1998), *appeal denied*, —— Pa. ——, —— A.2d ——, 1999 Pa. Lexis 1235 (Apr. 28, 1999); *Peddicord v. Unemployment Compensation Board of Review*, 166 Pa.Cmwlth. 676, 647 A.2d 295 (1994). The principle is now well settled that sexual harassment can constitute cause of a necessitous and compelling nature to quit one's job. *Homan v. Unemployment Compensation Board of Review*, 107 Pa.Cmwlth. 172, 527 A.2d 1109 (1987).

Petitioner concedes that sexual harassment against Betz did occur on her job, but it nonetheless argues that she failed to act with ordinary common sense and to take reasonable and prudent steps to alleviate the sexual harassment so as to remain employed. Petitioner claims that Betz also referred to herself as "girl" or "root"; that she never complained to Chief Strauss or directly told him to stop his conduct; that she never complained to a higher-level employer representative and invoked a mechanism in place to deal with her problems; and that no evidence demonstrated that Petitioner ever retaliated against Betz. According to Petitioner, Betz has simply failed to meet the standard necessary to show a reasonable and prudent attempt to alleviate the harassment against her.

To support its argument Petitioner cites *Johnson v. Unemployment Compensation Board of Review*, 725 A.2d 212 (Pa.Cmwlth.1999), where the Court held that because the claimant complained only to a store manager who sexually harassed the claimant and she never complained to anyone in the employer's supervision with authority to rectify the situation, the claimant had not acted prudently so as to preserve her employment. The case stands for the proposition that the duty to take common sense action necessarily entails, *"in the absence of other circumstances,"* the claimant's reporting of sexual harassment to an employer representative other than the perpetrator. *Id.* at 214 (emphasis added). Nothing stated in this proposition conflicts with the Board's decision inasmuch as the Board made explicit findings of fact concerning Betz' complaints and all of the "other circumstances" that support a determination that Betz acted prudently and with common sense.

As intervenor, Betz argues that the findings of the Board are based on substantial evidence and that the Board did not err. Citing *Ryan v. Unemployment Compensation Board of Review*, 120 Pa.Cmwlth. 80, 547 A.2d 1283 (1988), Betz notes that even if there is contrary evidence of record, the Board's findings of fact are binding upon the Court where supported by substantial evidence. She contends that although Petitioner does not explicitly state that it is challenging the Board's factual findings, Petitioner's arguments are premised upon evidence that is totally contrary to those findings. The Court agrees that Petitioner repeatedly argues its preferred version of the facts while ignoring those found by the Board.

■ Betz asserts that the Board did not err in deciding that the sexual harassment she experienced constituted a necessitous and compelling reason to quit. She compares her case to *Comitalo*, where the employer transferred a sexual harasser to another company store location but still allowed him access to the claimant. The Court concluded that the employer failed to assure an end to the harassment and that the employer rather than the victimized employee ultimately bore the responsibility to eliminate sexual harassment in the workplace. Thus the claimant in *Comitalo* had a necessitous and compelling reason to quit her job. Similarly, the deplorable and egregious conduct exhibited by Chief Strauss and Phillips, both public employees hired to enforce the law, unquestionably constitutes impermissible sexual harassment that provided a necessitous and compelling reason for Betz to quit her job. The Court rejects any arguments to the contrary and concludes as well that Betz acted with prudence and common

sense to alleviate the sexual harassment perpetrated against her.

■ Despite Betz' continued complaints and lawsuit, Petitioner took no remedial action. Try as it might, Petitioner has not persuaded the Court that the discipline it imposed upon Betz was the actual cause of her voluntary termination and that nothing in the record proves the cause of the alleged retaliation. Notably, the Board concluded that the timing of Petitioner's disciplinary action and Betz' legal action was coincidental, and Betz' actions in no way contradict her claim of sexual harassment. The Board is the ultimate fact finder. It chose to believe Betz over Petitioner on the retaliation issue and also found that the discipline may not have been warranted. The Board's credibility determinations bind this Court. *Taylor.* As the Board's findings are supported by substantial evidence in the record, the Court affirms the Board's order to grant unemployment compensation benefits to Betz because of the sexual harassment perpetrated against her while employed as a police officer for the Borough of Coaldale.

## *O R D E R*

AND NOW, this 7th day of February, 2000, the order of the Unemployment Compensation Board of Review is affirmed.