IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sharon Rodriguez,             :
          Petitioner    :
                       :  No.  223 C.D. 2019
          v.           :
                       :  Submitted:  July 26, 2019
Unemployment Compensation   :
Board of Review,           :
          Respondent   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ELLEN CEISLER, Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH              FILED:  October 18, 2019

Sharon Rodriguez (Claimant) petitions for review of the January 2, 2019 decision of the Unemployment Compensation Board of Review (Board) reversing a referee's decision and concluding that Claimant was ineligible for benefits under section 402(e) of the Unemployment Compensation Law (Law).[1]

The underlying facts of this case are not in dispute. Claimant was last employed as a full-time manager-in-training by Anthropolgie Inc. (Employer) from March 28, 2016, to March 18, 2018. Employer maintains a non-discrimination and anti-harassment policy providing that all individuals will be treated with respect and

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). In relevant part, section 402(e) states that an employee shall be ineligible for compensation for any week in which her unemployment is due to her discharge from work for willful misconduct connected with her work.

dignity in the work environment. The policy dictates that all relationships among employees, customers, vendors, and contractors will be professional, respectful, ethical, and free of bias, prejudice, discrimination, and harassment. Additionally, the policy provides that, under certain circumstances, the use of profanity, obscenity, sexually suggestive or explicit jokes, displaying sexual, racial, or otherwise offensive pictures, writings, or objects, and indecent letters, emails, or invitations, may rise to the level of unlawful harassment or discrimination. (Board's Findings of Fact Nos. 1-2.)

Claimant was or should have been aware of Employer's policy. On March 10, 2018, Claimant sent a video of two naked men to a female co-worker, whom she considered a friend, via text message outside of work as a joke. The next day, the co-worker who received the video from Claimant was talking about the video to a second co-worker. The second co-worker asked Claimant if the video was as bad as the other co-worker had described. Claimant then asked the second co-worker if she wanted to see the video and she said yes. Claimant showed the video to the second co-worker in the workplace before they entered the sales floor. (Board's Findings of Fact Nos. 3-8.)

On March 12, 2018, Employer's shop manager received a report that Claimant had showed an explicit video to a co-worker in the back office the previous day and had also used profanity while on the sales floor that day. On March 18, 2018, Employer discharged Claimant for texting and showing a sexually explicit video to co-workers, as well as using profanity on the sales floor, in violation of Employer's non-discrimination and anti-harassment policy. (Board's Findings of Fact Nos. 9-10.)

Claimant proceeded to file a claim for unemployment compensation benefits with her local job center. The local job center determined that Claimant's violation of Employer's harassment policy rendered her ineligible for benefits under

section 402(e) of the Law. Claimant appealed and the matter was assigned to a referee, who conducted a hearing on June 21, 2018.

At the beginning of the hearing, the referee admitted numerous documents without objection, including excerpts of the practices and policies set forth in the employee handbook and Claimant's acknowledgment of receipt of the handbook. Employer presented the testimony of Erin Satchell, a shop manager at the location where Claimant had worked. Satchell first introduced, without objection, a script of the conversation she and Karen Foster, another of Employer's managers, had with Claimant that led to her termination. The script noted Claimant's possible violation of Employer's anti-discrimination, anti-harassment, and professionalism and respect policies, including Claimant's purported use of profanity on the sales floor, texting of a video of naked men to a co-worker, and later showing of that video to another co-worker. Satchell noted that the last co-worker had brought the incident to her attention, after which she and Foster interviewed Claimant and the decision was made to terminate Claimant. Satchell stated that she then forwarded all materials to Employer's human resources department. (Certified Record at Item No. 11; Notes of Testimony (N.T.), 6/21/18, at 2-7.)

Claimant testified next. She admitted that she first sent the video of two naked men via text to a co-worker outside of work, whom she thought would find it funny. Claimant also admitted that she played the video for another co-worker during work prior to entering the sales floor. Claimant stated that this co-worker asked to see the video after hearing discussion of the video by the original co-worker who had received it via text message. Claimant specifically denied ever using profanity in front of co-workers on the sales floor. (N.T., 6/21/18, at 8-10.)

By decision mailed June 25, 2018, the referee reversed the determination of the local job center and concluded that Claimant was not ineligible for benefits under section 402(e) of the Law. In reaching this conclusion, the referee stated that because the texting of the video to a co-worker was done outside of work and did not involve the use of company resources, it could not serve as a basis for a violation of Employer's non-discrimination and anti-harassment policy. With respect to Claimant's actions in showing the video to a co-worker during work, the referee noted that this co-worker was not present at the hearing and any statements that the co-worker was offended by the video were hearsay and could not be used to support a finding of harassment. Additionally, the referee emphasized that the second co-worker asked to see the video after hearing the first co-worker discuss the same. While the referee described Claimant's actions in sharing the video as "less than good judg[]ment," he concluded that Claimant did not violate Employer's work rules in doing so. (Referee's decision at 3.) The referee did not address Claimant's purported use of profanity on the sales floor.

Employer appealed to the Board, which reversed the referee's decision and concluded that Claimant was ineligible for benefits under section 402(e) of the Law. With regard to Claimant's purported use of profanity on the sales floor, the Board stated that Employer failed to offer any firsthand testimony regarding the same, that Claimant denied such use, and that Employer did not meet its burden in this regard. With respect to Claimant showing the video to a co-worker at work, the Board concluded that, despite the co-worker's consent to view the video, Claimant's actions amounted to "a violation of the employer's policy prohibiting obscenity in the workplace." (Board's decision at 3.) The Board went on to state that "[c]oworkers cannot agree to watch pornography at work in violation of an employer policy

4

prohibiting such conduct." *Id.* Even absent a policy, the Board further noted that Claimant's conduct fell below the standards of behavior that an employer has a right to expect from its employees. Hence, the Board concluded that Claimant's actions constituted willful misconduct. Claimant thereafter filed a petition for review with this Court.

On appeal,[2] Claimant argues that the Board erred in concluding that her actions constituted willful misconduct as the record lacks substantial evidence that she deliberately violated company policy or that her actions fell below the reasonable standard of behavior that an employer has a right to expect from its employees. We disagree.

Section 402(e) of the Law provides that an employee shall be ineligible for unemployment compensation benefits for any week in which her unemployment is due to willful misconduct connected to her work. 43 P.S. §802(e). Willful misconduct is defined as (1) wanton and willful disregard of an employer's interests; (2) deliberate violation of an employer's rules; (3) disregard of the standards of behavior that an employer can rightfully expect from an employee; or (4) negligence showing an intentional disregard of the employer's interest or the employee's duties and obligations. *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 425 (Pa. 2003). Whether a claimant's conduct constitutes willful misconduct is a question of law fully reviewable by this Court on appeal. *Temple University of the Commonwealth System of Higher Education v. Unemployment Compensation Board of Review*, 772 A.2d 416, 418 n.1 (Pa. 2001).

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether findings of fact are supported by substantial evidence. *Ellis v. Unemployment Compensation Board of Review*, 59 A.3d 1159, 1162 n.2 (Pa. Cmwlth. 2013).

In unemployment compensation cases, the Board's findings of fact must be supported by "[s]ubstantial evidence [which] is defined as 'such relevant evidence which a reasonable mind would accept as adequate to support a conclusion.'" *Western & Southern Life Insurance Co. v. Unemployment Compensation Board of Review*, 913 A.2d 331, 335 (Pa. Cmwlth. 2006) (quoting *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999)). "The Board's findings are conclusive on appeal so long as the record, when viewed in its entirety, contains substantial evidence to support the findings." *Western & Southern Life Insurance Co.*, 913 A.2d at 335. This Court is bound "to examine the testimony in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony" to determine if substantial evidence exists to support the Board's findings. *United States Banknote Co. v. Unemployment Compensation Board of Review*, 575 A.2d 673, 674 (Pa. Cmwlth. 1990). Moreover, "even if there is contrary evidence of record, the Board's findings of fact are binding upon the Court where supported by substantial evidence." *Borough of Coaldale v. Unemployment Compensation Board of Review*, 745 A.2d 728, 731 (Pa. Cmwlth. 2000).

Furthermore, if an employer alleges misconduct because of a claimant's violation of a work rule, the employer must prove the existence of the rule and its violation, and the burden then shifts to the claimant to show good cause for her actions. *McKeesport Hospital v. Unemployment Compensation Board of Review*, 625 A.2d 112, 114 (Pa. Cmwlth. 1993). "[W]here the claimant has good cause for violating the rule, it is not willful misconduct because it cannot properly be charged as a willful disregard of the employer's interest or rules or of the standard of conduct which the employer has a right to expect." *Docherty v. Unemployment Compensation Board of Review*,

6

898 A.2d 1205, 1209 (Pa. Cmwlth. 2006). "Whether a claimant has good cause to violate an employer's rule or policy is a question of law subject to this [C]ourt's review and should be viewed in light of all of the attendant circumstances." *Id.*

In the present case, Employer maintains a non-discrimination and anti-harassment policy providing that all individuals will be treated with respect and dignity in the work environment and cautioning that obscenity or the displaying of sexual, racial, or otherwise offensive pictures may rise to the level of unlawful harassment or discrimination. (Board's Finding of Fact No. 2). The Board found, and Claimant did not dispute, that she was or should have been aware of Employer's policy. (Board's Finding of Fact No. 3.) There is also no dispute that Claimant showed a video of naked men to a co-worker before they entered the sales floor. (Board's Finding of Fact No. 8.) Indeed, Claimant admitted to the same at the hearing before the referee. (Certified Record at Item No. 11; N.T., 6/21/18, at 9.)

This Court has previously held that sending emails with photos depicting naked individuals or showing pictures of naked individuals to co-workers on company time constitutes willful misconduct, either as a violation of an employer's company policy or as a disregard of the standards of behavior that an employer can rightfully expect from an employee. *See Johnson v. Unemployment Compensation Board of Review*, 744 A.2d 817 (Pa. Cmwlth. 2000) (emailing nude photo to co-worker's home email address, coupled with inappropriate gestures at work, violated the employer's sexual harassment policy and/or fell beneath the standards of behavior which an employer has a right to expect from an employee); *Baldinger v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 793 C.D. 2012, filed February 13, 2013) (unpublished) (showing a photograph on a cell phone to co-workers depicting male genitalia violated the employer's policy against disruptive/offensive use of

electronic communications and runs afoul of the employer's right to expect that its employees are engaging in meaningful work); *Letteer v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 227 C.D. 2010, filed September 15, 2010) (unpublished) (sending emails to co-workers containing sexually explicit pictures of naked women violated the employer's sexual harassment and electronic communications policies).[3]

Contrary to Claimant's argument, there is substantial evidence in the record that supports the Board's determination that Claimant's actions violated Employer's non-discrimination and anti-harassment policy and/or fell below the reasonable standard of behavior that an employer has a right to expect from its employees.[4] Thus, we cannot say that the Board erred in concluding that Claimant's actions constituted willful misconduct.

Nevertheless, Claimant further asserts disparate treatment to the extent that Claimant's co-workers engaged in the same activity but were not disciplined. Claimant's assertion is misplaced.

This Court has previously explained that:

> Disparate treatment is an affirmative defense by which a claimant who has engaged in willful misconduct may still receive benefits if [s]he can make an initial showing that: (1) the employer discharged claimant, but did not discharge other employees who engaged in similar conduct; (2) the

---

[3] Pursuant to section 414(a) of this Court's Internal Operating Procedures, an unpublished opinion may be cited for its persuasive value, but not as binding precedent. 210 Pa. Code §69.414(a).

[4] Claimant asserts that the Board erred in concluding that her actions fell below the reasonable standard of behavior that an employer has a right to expect from its employees because Employer is part of a group of retailers whose parent company has set a standard of controversial and provocative advertising, including advertisements featuring naked women, and directs this Court's attention to a particular website. However, Claimant did not raise this issue before the referee or the Board, nor was this advertisement part of the record below.

claimant was similarly situated to the other employees who were not discharged; and (3) the employer discharged the claimant based upon an improper criterion.

*Geisinger Health Plan v. Unemployment Compensation Board of Review*, 964 A.2d 970, 974 (Pa. Cmwlth. 2009). In the present case, as noted above, Claimant admitted to showing the video of naked men to a co-worker while at work. It was Claimant's action in displaying the sexual video that resulted in her termination. The first co-worker, who received the video on her personal phone at home, was unaware that Claimant was sending the video. The second co-worker simply viewed the video at work, she did not display the video herself. While the viewing of inappropriate sexual material at the workplace may in itself be unacceptable conduct, here the issue is one of displaying the same. Claimant does not raise any other alleged actions by her co-workers. Hence, Claimant's co-workers did not engage in similar conduct, and Claimant has failed to establish the first element necessary for a claim of disparate treatment.

Accordingly, the order of the Board is affirmed.[5]

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] Claimant raises additional arguments that Employer's policy regarding discrimination/harassment and obscenity was so vague that it was unreasonable and that the Board erred in concluding that the video was obscene without reviewing the standards set forth by our United States Supreme Court in *Miller v. California*, 413 U.S. 15 (1973). However, given our determination above, we need not reach these issues.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sharon Rodriguez,                      :
              Petitioner         :
                             :
                             :   No.  223 C.D. 2019
           v.                  :
                             :
Unemployment Compensation             :
Board of Review,                       :
              Respondent       :

## ***ORDER***

AND NOW, this 18th day of October, 2019, the order of the Unemployment Compensation Board of Review, dated January 2, 2019, is hereby affirmed.

 

 

                                        _____
                                        PATRICIA A. McCULLOUGH, Judge