IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Gingrich,                :
           Petitioner      :
                    :
      v.                  :
                    :
Unemployment Compensation  :
Board of Review,          :   No. 236 C.D. 2022
           Respondent    :   Submitted: October 21, 2022


BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: January 9, 2023

      Thomas Gingrich (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) February 14, 2022 order affirming the Referee's decision that found Claimant ineligible for UC benefits under Section 402(e) of the UC Law (Law).[1] Claimant presents one issue for this Court's review: whether Claimant committed willful misconduct by improperly wearing his face mask on August 26, 2020. After review, this Court affirms the UCBR's order.

      Rite Aid of Pennsylvania, Inc. (Employer) employed Claimant as a full-time staff pharmacist from July 24, 2016 until September 7, 2020. Employer had a face mask policy (Policy) requiring employees to wear face coverings. Claimant

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (referring to willful misconduct).

was notified of the Policy. On August 4, 2020, Claimant received a final written warning for various issues, including failure to follow the Policy. On August 26, 2020, Claimant was wearing his face mask under his chin, not covering his mouth or his nose. Employer's Lead Pharmacist asked Claimant if there was any reason that he needed a face shield. Claimant indicated that there was no need for a face shield. Claimant did not offer any explanation to Employer as to why he was not properly wearing his face mask. Employer discharged Claimant for violating the Policy.

Claimant applied for UC benefits. On March 19, 2021, the Erie UC Service Center determined that Claimant was eligible for UC benefits under Section 402(e) of the Law. Specifically, the UC Service Center concluded that, although the facts indicated that Claimant's actions constituted willful misconduct, Claimant had shown good cause for his actions. Employer appealed and a Referee held a hearing on May 28, 2021. On June 24, 2021, the Referee reversed the UC Service Center's determination, finding Claimant ineligible for UC benefits under Section 402(e) of the Law. Claimant appealed to the UCBR. On February 14, 2022, the UCBR adopted the Referee's findings of fact and conclusions of law, and affirmed the Referee's decision. Claimant appealed to this Court.[2]

Initially,

> Section 402(e) of the Law provides that an employee is
> ineligible for [UC] benefits when his unemployment is due
> to discharge from work for willful misconduct connected
> to his work. The employer bears the burden of proving
> willful misconduct in a[] [UC] case. Willful misconduct

---

[2] "'Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.' *Miller v. Unemployment Comp. Bd. of Rev*[.], 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014)." *Talty v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018).

has been defined as[:] (1) an act of wanton or willful disregard of the employer's interest; (2) a deliberate violation of the employer's rules; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or a disregard of the employee's duties and obligations to the employer.

*Sipps v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 479, 481 (Pa. Cmwlth. 2018) (emphasis omitted) (quoting *Dep't of Transp. v. Unemployment Comp. Bd. of Rev.*, 755 A.2d 744, 747 n.4 (Pa. Cmwlth. 2000) (citation omitted)).

Where willful misconduct is based upon the violation of a work rule, the employer must establish the existence of the rule [and] its reasonableness, and that the employee was aware of the rule. Once employer meets this burden, the burden shifts to the claimant to prove that the rule was unreasonable or that he had good cause for violating the rule.

*Sipps*, 181 A.3d at 482 (quoting *Weingard v. Unemployment Comp. Bd. of Rev.*, 26 A.3d 571, 574-75 (Pa. Cmwlth. 2011) (citation omitted)). Ultimately, "[t]he question of whether conduct rises to the level of willful misconduct is a question of law to be determined by this Court." *Scott v. Unemployment Comp. Bd. of Rev.*, 105 A.3d 839, 844 (Pa. Cmwlth. 2014).

Claimant argues that his violation of the Policy did not rise to the level of willful misconduct and, even if it did, he had good cause to violate the Policy.

The law is well established:

[I]n UC cases, the [UCBR's] findings of fact must be supported by "[s]ubstantial evidence [which] is defined as 'such relevant evidence which a reasonable mind would accept as adequate to support a conclusion.'" *W[.] & S[.] Life Ins[.] Co. v. Unemployment Comp[.] [Bd.] of Rev[.]*, 913 A.2d 331, 335 (Pa. Cmwlth. 2006) (quoting *Guthrie v. Unemployment Comp[.] [Bd.] of Rev[.]*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999)). 'The [UCBR's] findings are conclusive on appeal so long as the record, when viewed

3

in its entirety, contains substantial evidence to support the findings.' *W*[.] *& S*[.] *Life Ins*[.] *Co*., 913 A.2d at 335. This Court is bound 'to examine the testimony in the light most favorable to the party in whose favor the [UCBR] has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony' to determine if substantial evidence exists for the [UCBR's] findings. *U*[.]*S*[.] *Banknote Co. v. Unemployment Comp*[.] [*Bd.*] *of Rev*[.], . . . 575 A.2d 673, 674 ([Pa. Cmwlth.] 1990). Moreover, 'even if there is contrary evidence of record, the [UCBR's] findings of fact are binding upon the Court where supported by substantial evidence.' *Borough of Coaldale v. Unemployment Comp*[.] [*Bd.*] *of Rev*[.], 745 A.2d 728, 731 (Pa. Cmwlth. 2000).

*Naborn v. Unemployment Comp. Bd. of Rev.*, 246 A.3d 373, 379-80 (Pa. Cmwlth. 2021) (quoting *Cambria Cnty. Transit Auth. (Cam Tran) v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019)).

Here, Employer's Policy required that each employee wear a face mask over his/her nose and mouth and prohibited the face masks from being pulled down under the chin or worn so that the employee's mouth or nose is exposed. *See* Reproduced Record (R.R.) at 94a-95a; *see also* Employer's Ex. 6 (Ex. 6). The Policy provided several exceptions to wearing a face mask, including a medical condition that prevents the employee from wearing a face mask, while eating and drinking with social distancing, when alone in a room with the door closed, and when assisting a customer who is deaf or hard of hearing. *See* R.R. at 99a-100a; *see also* Ex. 6. Where an employee is asserting a medical condition exception or when assisting a deaf or hard of hearing customer, the Policy required the employee to wear a face shield. *See* R.R. at 100a; *see also* Ex. 6. On August 4, 2020, Claimant received a final written warning for various work issues, including his failure to follow Employer's Policy. *See* R.R. at 95a-96a; *see also* Employer's Ex. 1.

Claimant testified:

> E[mployer's] T[ax Consultant Representative:] . . . [Claimant], did you ever ask for a face shield?
>
> C[laimant:] I did not ask for a face shield.
>
> E[mployer's] T[ax Consultant Representative:] Okay, and you received a prior warning for failure to follow [] Employer's . . . [P]olicy. Is that correct?
>
> C[laimant:] Yes ma'am.
>
> E[mployer's] T[ax Consultant Representative:] Okay, and did you ever provide any medical documentation stating that you were unable to wear your [face] mask properly?
>
> C[laimant:] No.
>
> E[mployer's] T[ax Consultant Representative:] Okay, and at the time that [Employer's Lead Pharmacist] observed you on August the 26th of 2020, were you alone in a room?
>
> C[laimant:] No.
>
> E[mployer's] T[ax Consultant Representative:] Were you eating or drinking?
>
> C[laimant:] No.
>
> E[mployer's] T[ax Consultant Representative:] You were in the pharmacy area. Is that correct?
>
> C[laimant:] That is correct.

R.R. at 113a.

In addition, regarding Claimant's UC Questionnaire, Claimant described:

> E[mployer's] T[ax Consultant Representative:] You answered question #15 . . . ["D]id you comply with the Employer's order or request[?"] and you answered ["]no["] and you stated that it was difficult to wear a [face] mask at all times for 12 hour shifts. Is that correct?

5

C[laimant:]  Yes.

. . . .

E[mployer's] T[ax Consultant Representative:]  Yes.  So you answered that you had difficulty to wear [sic] a [face] mask at all times for 12 hour shifts, but at no time when you completed this form did you state it was due to any disability issues[3] or that you were advised by a doctor that you couldn't wear a [face] mask.  Is that correct?

C[laimant:]  I was never advised by a doctor about wearing a [face] mask, so that is correct.

R.R. at 115a.

When further questioned by the Referee, Claimant related:

R[eferee:]  Okay.  I just have just [sic] a few questions.  [Claimant], you had received a final warning for not wearing a [face] mask, is that correct, properly [sic]?

C[laimant:]  I received a warning.  Yes.

R[eferee:]  Okay, and would you agree that you weren't wearing the [face] mask properly at the time of the warning?

C[laimant:]  I would disagree with the way it was stated on her paper.  I believe I covered my -- I never wore my [face] mask under my chin the way it was described there.

. . . .

R[eferee:]  Well [Claimant] did indicate he did not comply with the order, so I'm assuming there is some level of concern.  And I'll skip over that.  At the time you got the warning, did you explain to [] Employer, look, my glasses are fogging up; I need to adjust my [face] mask?[4]  Did you try to explain what was going on at that time?

---

[3] Claimant asserted at the Referee hearing, *inter alia*, that the canes he uses for his partial lack of use of his legs disability prevented him from pulling his face mask up, when it would fall below his nose.

[4] Claimant also asserted at the Referee hearing that his glasses fogging up was, *inter alia*, a reason he would lower his face mask.

6

C[laimant:]  I did not.

R.R. at 116a-117a.  The Referee concluded:

> In the present case, the credible testimony of [] [E]mployer establishes that it has a [P]olicy which required employees to wear a face[ ]mask.  [] [C]laimant was aware of the [P]olicy and warned about his failure to follow it.  [] [C]laimant asserts that he has a physical disability in th[e] nature of a partial lack of use of his legs requiring him to use two canes to move around.  It is not clear how this disability affected [] [C]laimant's ability to properly wear his [face] mask.  Moreover, even if [it] did[,] the [P]olicy requires an employee to wear a face shield if a medical condition precludes him from properly wearing a [face] mask.  Similarly, if an employee has problems communicating with a customer, the employe[e] can wear a face shield instead of a [face] mask.  The Referee rejects [] [C]laimant['s] assertion that he needed to adjust his [face] mask so that it was not covering [his] nose to properly read prescriptions as his glasses would sometimes fog from his breath.  The credible testimony of [] [E]mployer establishes that [] [C]laimant's [face] mask was not covering either his mouth or his nose.  Further, if [] [C]laimant was having problems with his glasses fogging, he should have addressed that issue with [] [E]mployer so it could determine a reasonable adjustment to the requirements of the [P]olicy.  After being warned about violation of the [P]olicy, [] [C]laimant should not arbitrarily determine that he could remove his [face] mask from covering his nose and/or mouth without switching to a face shield.  [] [C]laimant never provided [] [E]mployer with a reason he could not wear a [face] mask in the manner required by the [P]olicy.  Therefore, [] [E]mployer has established that it discharged [] [C]laimant for actions that constitute willful misconduct connected with the work[,] and [UC] benefits will be disallowed under Section 402(e) of the Law.

R.R. at 123a.

"The [UCBR] is the ultimate finder of fact; questions regarding the weight of evidence and witness credibility are solely within its province." *Lowman v. Unemployment Comp. Bd. of Rev.*, 235 A.3d 278, 286 n.8 (Pa. 2020).  Here, the

7

UCBR adopted the Referee's findings of fact and conclusions of law. Viewing "the testimony in the light most favorable to [Employer]," as we must, and "giving [Employer] the benefit of all inferences that can logically and reasonably be drawn from the testimony," this Court concludes that the UCBR's findings of fact are supported by substantial evidence. *Naborn*, 246 A.3d at 379. Accordingly, this Court is constrained to affirm the UCBR's order.

      For all of the above reasons, the UCBR's order is affirmed.


_____
ANNE E. COVEY, Judge

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA</u>

Thomas Gingrich,                  :
            Petitioner      :
                          :
     v.                   :
                          :
Unemployment Compensation  :
Board of Review,             :    No. 236 C.D. 2022
            Respondent  :

## O R D E R

AND NOW, this 9th day of January, 2023, the Unemployment Compensation Board of Review's February 14, 2022 order is affirmed.

_____
ANNE E. COVEY, Judge