IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph R. Avellino,      :
     Petitioner    :
            :
  v.        :  No. 1231 C.D. 2024
            :
Unemployment Compensation  :  Submitted: June 3, 2025
Board of Review,     :
     Respondent  :


BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE LORI A. DUMAS, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH       FILED: July 18, 2025

    Joseph R. Avellino (Claimant), petitions for review, *pro se*, of the June 16, 2024 order of the Unemployment Compensation (UC) Board of Review (Board), affirming the Referee's decision finding Claimant liable for a non-fault overpayment of UC benefits under Section 804(b)(1) of the Unemployment Compensation Law (the Law).[1]  After review, we affirm.

## I.  **Background**

    The facts of this case are as follows.  Claimant worked as an operations manager for First Watch Restaurants, Inc. (Employer) from October 3, 2019, until April 11, 2021.  (Certified Record (C.R.) at Item 1.)  On April 1, 2021, Claimant informed Employer that he would be leaving in May 2021 to start a new job with a different

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 874(b)(1).

employer. Claimant's new job, which was to be temporary seasonal employment, was scheduled to begin in June of 2021. (C.R. at Item 5 (Oral Interview with Claimant); Finding of Fact (F.F.) No. 3.)[2] On or around April 6, 2021, Claimant's parents tested positive for COVID-19. (F.F. No. 4.) Claimant's mother was treated at Urgent Care and told to rest and take Tylenol for fevers. (F.F. No. 5.) Claimant's father did not seek medical treatment for his COVID-19 positive diagnosis. (F.F. No. 6.) On or around April 8, 2021, Claimant informed Employer that he wished to reduce his working hours for his last few weeks in order to care for his parents while they had COVID-19. (F.F. No. 7.) Employer told Claimant that since Claimant would soon be leaving his job, Claimant should resign from his employment immediately. Claimant's last day of work with Employer was April 11, 2021. (F.F. No. 8.)

Claimant filed an application for UC benefits on April 11, 2021. (F.F. No. 9.) On October 20, 2021, Claimant received a lump sum payment from the Department of Labor & Industry (Department) in the amount of $4,428.00. (C.R. at Item 2) (Payment Register.) Claimant also applied for and received Federal Pandemic UC (FPUC) benefits in the amount of $2,400.00 for claim weeks ending April 24, 2021, through June 12, 2021. (F.F. No. 11.) However, on March 17, 2022, the Department issued Claimant a Notice of Ineligibility Determination, (Notice of Ineligibility Determination)[3] (C.R. at Item 7), informing him he had been denied UC benefits under Section 402(b) of the Law.[4]

---

[2] All findings of fact referenced in this opinion pertain to the Referee's decision at Dkt. No. 2022025403-RO, affirming the Department's Non-fault Overpayment Determination No. 2110560.

[3] The Department's Notice of Ineligibility Determination was assigned Determination No. 21100160. (C.R. at Item 7.)

[4] Section 402(b) of the Law provides, in relevant part,

**(Footnote continued on next page…)**

2

On the same day, the Department also issued a Determination of Non-fault Overpayment, informing Claimant he had been overpaid $4,160.00 in UC benefits, making him liable for a non-fault overpayment under Section 804(b)(1) of the Law, 43 P.S. § 874(b)(1).[5]   (C.R. at Item 8.) The Non-Fault Overpayment Determination explained that "[p]ayments were released in error by staff when they should have been pended before a determination was made."[6]  *Id.*  The Department also issued Claimant a third determination, finding Claimant liable for a Non-Fraud FPUC Overpayment.[7]

On March 27, 2022, Claimant timely appealed each of the three determinations to a Referee.[8]  The Referee held a consolidated hearing on June 7, 2022,

---

An employee shall be ineligible for compensation for any week –
(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, . . . ."

43 P.S. § 802(b).

[5] Section 804(b)(1) of the Law provides, in pertinent part,

(b)(1) Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year period immediately following such benefit year, in accordance with the provisions of this paragraph.

[6] The Department's Non-Fault Overpayment Determination was assigned Determination No. 2110560.  (C.R. at Item 8.)

[7] The Department's Non-Fault FPUC Overpayment Determination was assigned Determination No. 21100912.  (Supplemental Record (S.R.) at Item 1).  The question of Claimant's eligibility for UC and for FPUC is the same given that eligibility for the federal benefits is dependent on Claimant being eligible for and exhausting state benefits.

[8] The Department's Eligibility Determination was appealed to the Referee at 2022035523-RO and later to the Board at Dkt. No. 2022003489-BR.  The Department's Non-Fault Overpayment **(Footnote continued on next page…)**

3

in which he considered all three appeals. Claimant appeared in person at the hearing, testifying and introducing evidence. (C.R. at Item 13.) Employer did not attend the hearing. (Notes of Testimony (N.T.) 6/7/2022, C.R. at Item 13.) Claimant testified that on October 20, 2021, he received $4,428.00 in UC benefits from the Department in one lump sum. (N.T. at 18.) Claimant further testified that on June 24, 2021, he received an additional $1,400.00 from the Department. (N.T. at 19.) On June 14, 2022, the Referee issued three separate determinations under three different docket numbers. Each of the Referee's determinations upheld the Department's decisions.

In Claimant's appeal of the Department's Non-Fault Overpayment Determination,[9] the Referee determined as follows:

> Because the Referee finds that the Claimant was ineligible to receive UC benefits under Section 402(b), the Referee must also find that the Claimant was overpaid UC benefits in the amount of $4,160.00 for claim weeks ending April 24, 2021 through June 12, 2021. However, the record is void of any competent evidence to establish the Claimant received said benefits for reasons attributable to fraud. As such, the overpayment is recoupable under Section 804(b)(1) of the Pennsylvania Unemployment Compensation Law.

(C.R. at Item 14.) On June 16, 2022, Claimant appealed this Referee decision to the Board, stating "I am appealing the amount it states I owe. I did not receive the full amount that is stated above, [I] received less and would like the amount [amended] to the lesser amount [I] received." (C.R. at Item 15.)

---

Determination was appealed to the Referee at 2022025403-RO and to the Board at Dkt. No. 2022003393-BR. The Department's FPUC Overpayment Determination was appealed to the Referee at 2022025404-RO and to the Board at Dkt. No. 2022003490-BR.

[9] Dkt. No. 2022025403-RO (C.R. at Item 14).

4

On June 16, 2024, the Board issued a decision and order affirming the Referee's decision regarding Claimant's Non-Fault Overpayment Determination, and adopting and incorporating the Referee's findings and conclusions. The Board stated,

> **The Board notes that [Claimant] does not specifically challenge the Section 402(b) determination and argues only that he did not receive the full amount it says he owes.** The Referee found that the Department issued a notice of non-fault overpayment of $4,160 for claim weeks ending April 24 through June 12, 2021 . . . . The Referee found that [Claimant] received these payments and this determination has not been rebutted by [Claimant's] vague testimony or any documentary evidence contained in the record.

(C.R. at Item 17) (emphasis added). Claimant now appeals the Board's Non-Fault Overpayment Determination and Order to this Court.[10]

## II. Discussion[11]

The law is well established:

> [I]n UC cases, the [Board's] findings of fact must be supported by "[s]ubstantial evidence [which] is defined as 'such relevant evidence which a reasonable mind would accept as adequate to support a conclusion.' " *W[.] & S[.] Life Insurance Co. v. Unemployment Compensation Board of Review*, 913 A.2d 331, 334, n.2 (Pa. Cmwlth. 2006) (quoting *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999)). 'The [Board's] findings are conclusive on appeal so long as the record, when viewed in its entirety, contains substantial evidence to support the findings.' *W[.] & S[.] Life Insurance Co.*, 913 A.2d at 334,

---

[10] This Non-Fault Overpayment determination was the only one of the three Board Determinations Claimant appealed to this Court. This determination was docketed at Dkt. No. 2022003393-BR.

[11] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

n.2. This Court is bound 'to examine the testimony in the light most favorable to the party in whose favor the [Board] has found, giving that party the benefit of all inferences that can logically and reasonably be drawn from the testimony' to determine if substantial evidence exists for the [Board's] findings. *U*[.] *S*[.] *Banknote Co v. Unemployment Compensation Board of Review*, 575 A.2d 673, 674 (Pa. Cmwlth. 1990). Moreover, **'even if there is contrary evidence of record, the [Board's] findings of fact are binding upon the Court where supported by substantial evidence.'** *Borough of Coaldale v. Unemployment Compensation Board of Review,* 745 A.2d 728, 731 (Pa. Cmwlth. 2000).

*Hope v. Unemployment Compensation Board of Review*, 308 A.3d 944, 947 (Pa. Cmwlth. 2024) (quoting *Naborn v. Unemployment Compensation Board of Review*, 246 A.3d 373, 379-80 (Pa. Cmwlth. 2021)) (emphasis added).

Here, Claimant argues that the Board erred in concluding that he was ineligible for UC benefits. (Claimant's Br. at 4.) In response, the Board asserts that Claimant did not appeal the Board's ineligibility determination finding to this Court. Rather, Claimant appealed only the Board decision upholding the Department's Non-fault Overpayment Determination at Dkt. No. 2022003393-BR. (C.R. at Item 17.)[12]

It is clear here that Claimant did not appeal his ineligibility determination to this Court. Claimant's Petition for Review cites only the Board's docket number for the Board's Non-Fault Overpayment Decision. Claimant also attaches the order for the Board's Non-Fault Overpayment decision to his Petition. Moreover, because the issue of eligibility is separate from the issue of overpayment of benefits, it is improper for a claimant to use an overpayment determination as a mechanism to challenge an

---

[12] The Board's decision dealing with Claimant's ineligibility for benefits under Section 402(b) of the Law was docketed at Dkt. No. 2022003489-BR.

6

underlying determination of ineligibility. *Jones v. Unemployment Compensation Board of Review*, 344 A.2d 287, 288 (Pa. Cmwlth. 1975).

Section 509 of the Law, which sets forth the rules regarding collateral attacks on decisions made by the Department, a Referee, or the Board, states, in pertinent part:

> Any decision made by the [D]epartment or any referee or the [B]oard shall not be subject to collateral attack as to any application, claim or claims covered thereby or otherwise disturbed, unless appealed from.
>
> Subject to appeal proceedings and judicial review, any right, fact or matter in issues which was directly passed upon or necessarily involved in any decision of a referee or the [B]oard or the Court and which has become final shall not be subject to collateral attack as among all affected parties who had notice of such decision[.]

43 P.S. § 829.

Here, the Board's decision finding Claimant ineligible for benefits was not appealed to this Court. The Board issued its ineligibility decision on June 16, 2024, making Claimant's final date to appeal that decision July 16, 2024. Because the decision was not appealed, it has become final. Accordingly, this Court is precluded from reviewing it. *See Jones*, 344 A.2d at 288 (finding that because there was a right of appeal from the Board's determination of ineligibility, such determination could not be attacked collaterally in a later appeal of a different determination once the Board's ineligibility determination had become final); *see also Mull v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1518 C.D. 2922, filed Dec. 21, 2023), slip op. at 5-7 (finding the claimant's ineligibility for Pandemic Unemployment Assistance benefits was not properly before the Court because the claimant only appealed the Board's order regarding the non-fraud overpayment of Pandemic Unemployment Assistance benefits, not the underlying ineligibility determination);

7

*Bitar v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1606 C.D. 2022, filed Dec. 6, 2024), slip op. at 11-12 (holding that this Court may not consider a claimant's eligibility for UC benefits when the claimant did not appeal the order finding her ineligible for those benefits).[13]

Claimant next contends that there is a discrepancy between the amount of money the Department found to be subject to a non-fault overpayment claim and the amount of money Claimant actually received from the Department as benefits. (Claimant's Br. at 4.)  The Board asserts that substantial evidence supports the Board's finding that Claimant received the amount of benefits determined by the Department. (Bd.'s Br. at 9.)[14]  Moreover, we note that "even if there is contrary evidence of record, the Board's findings of fact are binding upon the Court where supported by substantial evidence." *Coaldale*, 745 A.2d at 731.  We view the record in the light most favorable to the prevailing party, including allowing the party the benefit of all reasonable inferences that may be drawn from the evidence, to determine if substantial evidence exists for the Board's conclusion.  *Begovic v. Unemployment Compensation Board of Review*, 234 A.3d 921, 929 n.6 (Pa. Cmwlth. 2020).  In addition to resolving conflicts of evidence, the Board also resolves witness credibility.  *Lowman v. Unemployment Compensation Board of Review*, 235 A.3d 278, 286 n.8 (Pa. 2020).

Here, the Department's payment register indicates that Claimant received a direct deposit payment from the Department on October 20, 2021, in the amount of

---

[13] This Court's unreported memorandum opinions issued after January 15, 2008, may be cited "for [their] persuasive value, but not as binding precedent."  Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).  This Court cites to *Mull* and *Bitar* for their persuasive value.

[14] Substantial evidence is defined as "such relevant evidence which a reasonable mind would accept as adequate to support a conclusion."  *Cambria County Transit Authority v. Unemployment Compensation Board of Review*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019) (citation omitted).

$4,428.00 (C.R. at Item 2.) When calculating the UC overpayment, the Department stated that Claimant was overpaid $4,160.00, which was based on Claimant's receiving $520.00 per week for eight weeks.[15] In addition, Claimant also admitted receiving UC benefits in the same amount listed on the Department's payment register at his hearing before the Referee. At the hearing before the Referee, Claimant testified that in October, he received $4,428.00 in one lump sum. (N.T. at 18-19.) Based on this evidence of record, we find that substantial evidence supports the Board's finding that Claimant received $4,160.00 in UC benefits for which he was not eligible. We therefore have no basis to overrule the Board's order affirming Claimant's liability for a non-fault UC overpayment in the amount of $4,160.00

## III.   Conclusion

Because we discern no error in the Board's determination, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

---

[15] While the evidence of record indicates that Claimant received $4,428.00, which is more than the $4,160.00 that he would have been entitled to had he been found eligible to receive benefits, the Board only imposed an overpayment of $4,160.00, based on eight weeks of overpayments.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph R. Avellino,           :
           Petitioner     :
                             :
        v.              :   No. 1231 C.D. 2024
                             :
Unemployment Compensation  :
Board of Review,           :
           Respondent   :

## *ORDER*

AND NOW, this 18th day of July, 2025, the June 16, 2024 Order of the Unemployment Compensation Board of Review is hereby **AFFIRMED**.

_____
PATRICIA A. McCULLOUGH, Judge