IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark A. Kolakowski,              :
                  Petitioner    :
                             :
         v.                    : No. 639 C.D. 2024
                             : Submitted: May 6, 2025
Unemployment Compensation    :
Board of Review,                :
               Respondent   :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE STACY WALLACE, Judge
               HONORABLE MATTHEW S. WOLF, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                         FILED: June 16, 2025


Mark A. Kolakowski (Kolakowski) appeals from the April 9, 2024 order (Order) of the Unemployment Compensation (UC) Board of Review (Board), affirming the June 2, 2021 decision (Decision) of the UC Referee (Referee) which found Kolakowski eligible for Pandemic Unemployment Assistance (PUA) benefits in the amount of $195 per week under Section 2102(d) of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act).[1]  Kolakowski argues the Board improperly calculated his weekly PUA benefit amount.  After review, we affirm.

---

[1] 15 U.S.C. §§ 9001-9141.

## I. Factual and Procedural Background

Kolakowski was self-employed as a Pennsylvania State Constable. Certified Record (C.R.) at 44-45. As a constable, Kolakowski transported prisoners to preliminary hearings and arraignments. *Id.* at 44. Kolakowski testified the COVID-19 pandemic impacted his ability to work because the court system effectively "shut down" and "moved to video in light of the pandemic." *Id.* Consequently, Kolakowski applied for PUA benefits effective March 22, 2020. *Id.* at 3-6. On May 7, 2020, the Department of Labor and Industry, Office of Unemployment Compensation Benefits (Department), issued a monetary determination (Determination) finding Claimant eligible for PUA benefits at a rate of $369 per week based on "an alleged self-employment income of $33,000."[2] *Id.* at 87. Claimant collected PUA benefits from March 20, 2020, until February 6, 2021, per the Determination. *Id.* at 44, 51.

On March 3, 2021, the Department issued a monetary redetermination (Redetermination) finding Claimant eligible for PUA benefits at a reduced benefit amount of $195 per week. *Id.* at 11. The Redetermination was "based on documentation [Kolakowski] provided to the Department after [his] initial monetary determination." *Id.* (emphasis omitted). Kolakowski submitted, among other items, his 2019 U.S. Individual Income Tax Return, Form 1099-Misc., and Schedule C, Profit or Loss From Business. *Id.* at 54, 66, 67.

On April 1, 2023, Kolakowski filed an appeal of the Department's Redetermination. *Id.* at 15-17. The Referee conducted a hearing at which Kolakowski, with counsel, appeared and testified. In his Decision, the Referee

---

[2] The Referee found that although the Determination listed his income, Kolakoswski "never reported that he had $33,000 in . . . income from 2019." C.R. at 87.

affirmed the Department's Redetermination of Kolakowski's eligibility for PUA benefits at a rate of $195 per week. *Id.* at 86-88.

Kolakowski appealed the Referee's Decision to the Board. On April 9, 2024, the Board issued its Order adopting and incorporating the Referee's findings and conclusions and affirming the Referee's Decision. *Id.* at 106-07. Kolakowski now appeals the Board's Order to this Court.[3]

On appeal, Kolakowski asserts he was not paid the proper PUA benefit amount, particularly because the Department used income information from the incorrect year to calculate his weekly PUA benefits. Kolakowski's Br. at 2.

## II. Discussion

In reviewing UC orders, this Court considers whether substantial evidence supports the adjudication and whether the Board violated a claimant's constitutional rights, the law, or agency practice or procedure. 2 Pa. C.S. § 704. In UC cases, the Board is the ultimate fact finder and its findings "are conclusive on appeal so long as the record, when viewed in its entirety, contains substantial evidence to support [its] findings." *W. & S. Life Ins. Co. v. Unemployment Comp. Bd. of Rev.*, 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 2006). Substantial evidence is "relevant evidence upon which a reasonable mind could base a conclusion." *Johnson v. Unemployment Comp. Bd. of Rev.*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). We review the record evidence "in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably

---

[3] Kolakowski does not appeal the Non-Fraud Overpayment Determination the Board references in its Order. His notice of appeal explains he was granted reconsideration at a different docket number than this appeal. As Kolakowski does not raise or address the overpayment issue in his Notice of Appeal or his brief, we do not address the issue.

be drawn" from the evidence. *U.S. Banknote Co. v. Unemployment Comp. Bd. of Rev.*, 575 A.2d 673, 674 (Pa. Cmwlth. 1990).

Section 2102(b) of the CARES Act provides PUA may be provided to any "covered individual" while he or she is unemployed or unable to work due to COVID-19, during the weeks in which the individual is not entitled to any other unemployment compensation. 15 U.S.C. § 9021(b). Section 2102(a)(3) of the CARES Act provides, in relevant part, the term "covered individual" means an individual who is not eligible for regular compensation under State or Federal law and who provides self-certification he or she is self-employed. 15 U.S.C. § 9021 (a)(3).[4]

There is no dispute Kolakowski was self-employed and was a covered individual eligible for PUA. The sole issue before this Court is whether the Board properly calculated his weekly PUA benefit amount.

Section 9021(d)(2) of the CARES Act instructs: "In the case of a covered individual who is self-employed, . . . who would not qualify for unemployment compensation under State law, the assistance . . . for a week of unemployment shall be calculated in accordance with section 625.6 of title 20, Code of Federal Regulations." 15 U.S.C. § 9021(d)(2). Section 625.6(a) of the Code of Federal Regulations dictates, in relevant part:

> In all States, . . . the amount of [PUA] payable to an unemployed worker or unemployed self-employed individual for a week of total unemployment shall be the weekly amount of compensation the individual would have been paid as regular compensation, as computed under the provisions of the applicable State law for that week.

---

[4] Sections 1601-1605 of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, added by the Act of March 27, 2020, P.L. 25, 43 P.S. §§ 919.101 - 919.105 (expired 2021).

4

. . . .

> (2) [T]he base period to be utilized in computing the [PUA] weekly amount shall be the most recent tax year that has ended for the individual (whether an employee or self-employed) prior to the individual's unemployment that was a direct result of the [COVID-19 public health emergency].[5]

20 C.F.R. § 625.6(a).

Here, Kolakowski's unemployment started in 2020, and therefore, the most recent tax year that ended before his unemployment was 2019. *See also* Dep't of Lab., Unemployment Ins. Program Letter No. 16-20, Change 1 (April 27, 2020), Attach. I, pg. I-4 (stating, "[w]hen computing a [weekly benefit amount] under 20 C.F.R. §625.6, the base period to be used is the most recent tax year, which is CY 2019."); *see also id.*, Attach. II, pg. II-1 (explaining that for calculating the PUA weekly benefit amount, "[t]he PUA base period is CY 2019").

Our review of the record reveals both the Referee and the Board used Kolakowski's 2019 income when evaluating the Redetermination.[6] The transcript of testimony from the hearing before the Referee demonstrates the Referee used 2019 as the base year. *See* C.R. at 43 (Referee explaining, "for claims in 2020 they used the entire 2019 base year."); *id.* at 43-44 (Referee stating, "I'll allow the [C]laimant's attorney to question the Claimant about his financial eligibility from 2019."); *id.* at 48 (Referee clarifying, "I want to make sure, this is 2019 not 2020, right?").

---

[5] Section 625 of the Code of Federal Regulations shall apply to Section 9021 of the CARES Act as if "the term 'COVID-19 public health emergency' were substituted for the term 'major disaster' each place it appears in such part 625." 15 U.S.C. § 9021(h).

[6] We acknowledge the Redetermination lists income and indicates it is from 2020; however, this designation does not change the fact the base year of 2019 determines Kolakowski's eligibility for PUA.

Likewise, the Board explicitly states the "base year 2019 federal tax forms" establish Kolakowski's qualifying wages. *Id.* at 106. The Order references income shown on Kolakowski's 2019 federal tax forms. *Id.* The record evidence demonstrates the Board considered the correct base year to determine Kolakowski's eligibility for PUA. Tellingly, both the Referee and Board calculated Kolakowski had a 2019 reported income of $2,895. *See id.* at 87, 106.

### III. Conclusion

Substantial evidence supports the Board's finding that the Redetermination was correct and based on calculations using the 2019 tax year, the appropriate base year to establish Kolakowski's PUA benefit. Discerning no violation of rights, law, policy, or procedure, we affirm.

_____
STACY WALLACE, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark A. Kolakowski,          :
               Petitioner   :
                          :
       v.                 : No. 639 C.D. 2024
                          :
Unemployment Compensation   :
Board of Review,            :
               Respondent  :

# **O R D E R**

AND NOW, this 16th day of June 2025, the Unemployment Compensation Board of Review's April 9, 2024 order is **AFFIRMED**.

_____
STACY WALLACE, Judge