IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chad Aitken, : 
               Petitioner : 
                : 
      v. : No. 510 C.D. 2023
                : Submitted: February 3, 2026
Unemployment Compensation : 
Board of Review, : 
           Respondent : 


BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE STACY WALLACE, Judge
             HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                  FILED: March 16, 2026


Chad Aitken (Claimant), who represented himself in the proceedings below and continues to represent himself on appeal, petitions for review of the March 21, 2023 order (Order) of the Unemployment Compensation (UC) Board of Review (Board), which affirmed the UC Referee's (Referee) decision dismissing Claimant's appeal as untimely under Section 501(e) of the UC Law (Law).[1]  After review, we affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

## BACKGROUND

Claimant applied for Pandemic Unemployment Assistance (PUA) benefits effective September 13, 2020. Certified Record (C.R.) at 3, 23. Additionally, Claimant applied for UC benefits effective August 16, 2020. *Id.* at 45.

On July 16, 2021, the Department of Labor and Industry (Department) sent Claimant a Pandemic Unemployment Disqualifying Determination (Disqualifying Determination) finding him ineligible for PUA benefits based on his eligibility for other UC programs. *Id.* at 23. Also on July 16, 2021, the Department sent Claimant Notice of Determination of Non-Fraud PUA Overpayment (Overpayment Determination), characterizing his receipt of $20,020.00 in PUA benefits as non-fraudulent, because Claimant claimed them when qualified to receive UC benefits or other benefits. *Id*. at 33. Both the Disqualifying Determination and the Overpayment Determination (collectively, Determinations) identified Claimant's last day to appeal as August 2, 2021. *Id*. at 23, 33.

On November 21, 2021, Claimant appealed the Determinations. On March 21, 2022, the Referee held a telephonic hearing, at which Claimant participated and testified as the sole witness. *Id.* at 109-25. However, the Referee continued the hearing at Claimant's request. *Id*. at 127. On April 5, 2025, the Referee conducted a second telephonic hearing, where Claimant again participated and testified as the sole witness. *Id.* at 144-59.

In relevant part, Claimant admitted he received the Determinations and knew the appeal deadline; however, he wished to discuss the Determinations with a UC representative and obtain a determination on his UC eligibility before filing an appeal. *Id*. at 122, 152-55. In this regard, Claimant testified he made numerous

attempts to contact the UC Service Center, but could not reach a representative because of high call volume. *Id.* at 152-55.

Additionally, Claimant testified to receiving notice of ineligibility for UC benefits (UC Determination). *Id.* at 45, 152-53. Thereafter, Claimant appealed his UC Determination, believing it would resolve all issues involving his eligibility for UC benefits and PUA benefits.[2] *Id.* at 153-54.

On April 6, 2022, the Referee issued orders dismissing as untimely Claimant's appeals of the Determinations under Section 501(e) of the Law. *Id.* at 161-65. The Referee noted while "the Claimant believed that by filing an appeal to the Determination regarding his eligibility for UC benefits, . . . his PUA eligibility would also be reviewed and addressed," the Claimant was not "misled in regard to the eligibility issues under appeal or the need for or timing of an appeal to the Determinations." *Id.* at 164. The Referee explained that the timeliness provisions of the Law are "mandatory," thus, precluding jurisdiction over appeals commenced beyond the statutory appeal period. *Id.*

Thereafter, Claimant appealed to the Board. On March 21, 2023, the Board affirmed the Referee's decisions, adopting and incorporating its findings and conclusions, and ultimately dismissing Claimant's appeals as untimely. C.R. at 185-90. The Board found that while "[C]laimant testified that he wanted assistance regarding the difficulty with managing both his UC and PUA claims, he has not presented sufficient evidence to carry his heavy burden to excuse his late appeal." *Id.* at 185. Consequently, the Board concluded that it did not have jurisdiction to

_____

[2] Consistent with Claimant's testimony, the Referee found that Claimant filed the appeal of the UC Determination "sometime in October 2021." C.R. at 154, 162. However, the record shows that the UC Determination did not issue until November 17, 2021. *Id.* at 45. Nonetheless, on January 24, 2022, Claimant withdrew his appeal of the UC Determination. *Id.* at 78-79.

consider the merits of Claimant's untimely appeal. *Id*. Claimant timely filed a single petition for review (Petition) in this Court, challenging only the Board's decision regarding the Department's Overpayment Determination.[3]

## DISCUSSION

This Court reviews unemployment compensation orders for violations of a claimant's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. We also review whether substantial evidence supports the findings of fact necessary to sustain the Board's decisions. *Id*. The Board is the fact-finder in these cases and is entitled to assess witness credibility and weight of the evidence. *Hubbard v. Unemployment Comp. Bd. of Rev.,* 252 A.3d 1181, 1185 n.2 (Pa. Cmwlth. 2021) (citation omitted). We review the record evidence "in the light most favorable to the party in whose favor the Board has found, giving that party the benefit of all inferences that can logically and reasonably be drawn." *U.S. Banknote Co. v. Unemployment Comp. Bd. of Rev.*, 575 A.2d 673, 674 (Pa. Cmwlth. 1990).

The sole issue before this Court is whether Claimant filed a timely appeal from the Department's Overpayment Determination.[4] At the time Claimant received

---

[3] Claimant did not appeal the Board's decision regarding the Disqualification Determination. Thus, the issue of Claimant's ineligibility for PUA benefits is final and not before this Court.

[4] Claimant came dangerously close to waiving all issues by failing to comply with the Pennsylvania Rules of Appellate Procedure regarding his brief. *See* Pa.R.A.P. 2116(a), 2119(a). Nevertheless, because Claimant appears without counsel, we construe his brief liberally and can discern the general issues he intended to raise. *See Laster v. Unemployment Comp. Bd. of Rev.*, 295 A.3d 17, 20 (Pa. Cmwlth. 2023) (when we are able to discern a petitioner's issues, we may overlook technical violations of the Rules of Appellate Procedure and exercise our discretion to address those issues, particularly where the petitioner proceeds *pro se*). Claimant should be aware, however, that if he files similar appeals in the future, an appellate court may determine he waived issues for review by failing to comply with the Rules of Appellate Procedure.

**(Footnote continued on next page…)**

4

the Overpayment Determination, Section 501(e) of the Law required a claimant to file an appeal within 15 days after personal delivery of notice to the claimant or mailing of notice to the claimant's last known address. 43 P.S. § 821(e).[5]

A claimant's failure to timely appeal within the deadline is a jurisdictional defect, which this Court may not overlook or disregard. *Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2019) (citation omitted). Further, this Court may not extend an appeal deadline as a matter of grace or indulgence. *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010). To justify an untimely appeal and obtain *nunc pro tunc* relief, a claimant bears a heavy burden of demonstrating extraordinary circumstances involving (1) fraud or a breakdown in the administrative authority's operation or (2) non-negligent conduct of the claimant that was beyond his control. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).

---

Further, for clarity, we reframed Claimant's issue on appeal. In his brief, he presented the following issues:

I.   Whether the Petitioner is eligible for benefits. Either UC or PUA?

    A.  Given the sequence of events in the statement of the case?

[II.]   Is the Unemployment department required to list the name of the examiner who determined the overpay? On what basis is it an overpay?

    A.  Did the examiner take into account Petitioner was unemployed and entitled to PUA or UC. The question in fact was what unemployment line did Petitioner qualify for, not a one sided ruling of overpayment. Negligence of all the issues and facts by the unknown examiner.

Claimant's Br. at 6-7 (electronic pagination supplied for ease of reference).

[5] Although not applicable in this matter, we note that in the Act of June 30, 2021, P.L. 173, our General Assembly extended the appeal deadline in Section 501(e) of the Law from 15 days to 21 days, effective July 24, 2021. Because the Overpayment Determination here issued before July 24, 2021, the 15-day appeal period still applied.

5

Here, Claimant admitted he received the Overpayment Determination and knew of the August 2, 2021 deadline provided for therein. Claimant did not file his appeal until November 21, 2021, over three months beyond the deadline. Although Claimant did not specifically request *nunc pro tunc* relief, the Board, in adopting and incorporating the Referee's conclusions, addressed the factors justifying such an extension. C.R. at 188. Ultimately, the Board concluded that Claimant did not prove he could not "timely appeal due to fraud, a breakdown in the administrative process, or . . . non-negligent conduct." *Id.*

As to the first consideration, fraud or breakdown in the administrative authority's operation, the Board and Referee analyzed Claimant's testimony as to wanting to discuss the Determinations with a UC representative and to resolve his UC eligibility before filing an appeal. *Id*. at 188. To prove an administrative breakdown, a claimant must present evidence the Department provided misinformation to the claimant regarding the "**availability, timing or need for an appeal**." *Greene v. Unemployment Comp. Bd. of Rev.*, 157 A.3d 983, 992 (Pa. Cmwlth. 2017) (emphasis added).

Here, Claimant presented no evidence the Department provided misinformation as to Claimant's availability, timing or need to file an appeal. To the contrary, the Department's Overpayment Determination, which Claimant admitted he received, clearly identified August 2, 2021 as the final appeal deadline. Moreover, Claimant admitted his understanding of the deadline. Thus, the Board properly denied *nunc pro tunc* relief on the basis of an administrative breakdown.

As to the second consideration, non-negligent circumstances will justify an appeal *nunc pro tunc* only in unique and compelling cases in which the claimant has clearly established he attempted to file an appeal, but unforeseeable and unavoidable

6

events precluded him from doing so successfully. *See Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1132 (Pa. 1996). The record does not contain sufficient evidence of any hinderance to Claimant's attempt to timely file an appeal. Rather, Claimant **chose** not to appeal before the deadline, because he wanted to first discuss the Determinations, including the UC Determination, with a UC representative, and wait for a denial of his UC benefits. Claimant's "subjective misunderstanding and confusion related to the straightforward appeal language" does not, without more, justify extension of the mandatory appeal period. *Williamson v. Dep't of Transp., Bureau of Driver Licensing*, 129 A.3d 597, 602 (Pa. Cmwlth. 2015). If it did, "any claim of confusion could support a *nunc pro tunc* appeal." *Id.* Thus, the Board did not err in dismissing Claimant's untimely appeal.

## CONCLUSION

Based on the foregoing, we cannot conclude the Board erred in dismissing as untimely Claimant's appeal under Section 501(e) of the Law. Claimant failed to credibly demonstrate that extraordinary circumstances involving fraud, a breakdown in the administrative process, or non-negligent circumstances caused his delay. Accordingly, we affirm the Board's order.[6]

_____
STACY WALLACE, Judge

---

[6] Because we affirm the Board's dismissal of Claimant's appeals as untimely, we do not reach the merits of his claims. **However, we note Claimant is not without further recourse regarding the Overpayment Determination. As noted by the Board and the Referee, Claimant may seek a waiver from the repayment obligation by submitting the appropriate overpayment waiver questionnaire to the Department. C.R. at 186, 189.**

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chad Aitken, : 
                       Petitioner : 
                        : 
     v. : No. 510 C.D. 2023
                        : 
Unemployment Compensation : 
Board of Review, : 
                   Respondent : 

# **O R D E R**

AND NOW, this 16th day of March 2026, the Unemployment Compensation Board of Review's March 21, 2023 order is **AFFIRMED**.

_____
STACY WALLACE, Judge